IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| J.T. DUNN CLIMATE CONTROL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| FEDERATED MUTUAL INSURANCE COMPANY | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT

COMES NOW the Plaintiff, J.T. Dunn Climate Control, LLC, and for its Complaint against the Defendant, Federated Mutual Insurance Company, states as follows:

## BACKGROUND

J.T. Dunn Climate Control, LLC's property sustained catastrophic damage during a tornado/windstorm on or about March 14, 2025. This action arises from its insurer's underpayment of the loss, intentional delay in adjustment, and willful misapplication of the policy's coverage provisions.

## PARTIES, VENUE AND JURISDICTION

1.      Plaintiff J.T. Dunn Climate Control, LLC ("Plaintiff") is a Limited Liability Company located in the State of Missouri.

2.      Plaintiff is the owner of the property located at 6068 Baumgartner Industrial Drive, St. Louis, Missouri 63129 (the "Insured Premises").

3.      At the time of the Loss (as defined below), Plaintiff owned the Insured Premises.

4.      Defendant Federated Mutual Insurance Company (the "Defendant") is a Minnesota corporation with its principal place of business located in Owatonna, Minnesota.

1

5. Defendant is licensed to, and does conduct, insurance business in the State of Missouri. Defendant can be served with process by service on its registered agent, Regulated by the Division of Insurance, 301 W. High Street, Rm 530, Jefferson City, Missouri, 65101.

6. Venue is proper in this district pursuant to 28 USC § 1391 because Plaintiff resides in this district, the property that is the subject of the action is situated in this District, and the events giving rise to the claim upon which this suit is based occurred in this District.

7. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff, who is a citizen of Missouri, and Defendant, which is a citizen of Minnesota, and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

## GENERAL ALLEGATIONS

### The Policy

8. At all times relevant hereto, Plaintiff was insured pursuant to an insurance contract whereby Defendant agreed to insure the Insured Premises against property damage, being Policy No. 6131205 (the "Policy"), attached hereto as Exhibit 1. The Policy was in full effect at all times relevant hereto.

9. The Policy provided insurance coverage for accidental physical loss or accidental physical damage to the Insured Premises. The Policy is an "all risks" policy, which means that it provides insurance coverage for all direct physical loss to covered property within the policy period, except as specifically excluded or limited by the Policy.

10. Pursuant to the Policy, Plaintiff paid a premium to Defendant in exchange for insurance coverage. Plaintiff paid the required premiums at all times relevant to this Complaint.

<u>The Loss</u>

11.     On March 14, 2025, a tornado/windstorm impacted the Insured Premises, producing extreme wind and causing substantial damage to the Insured Premises (the "Loss").

12.     As a result of the Loss, the Insured Premises suffered immediate direct physical loss, including but not limited to damages to the roof system, RTUs, doors, and impact damage to walls, gutter systems and interior water damages.

13.     The damage caused by the Loss cannot be repaired and requires replacement of the roof system in its entirety.

14.     The Policy was in effect at the time of the Loss.

15.     As it relates to the Loss, there is no applicable exclusion or limitation.

<u>The Insurance Claim & Investigation</u>

16.     Defendant was promptly notified of the Loss.

17.     Defendant accepted the Loss as a covered claim and assigned claim number 839120.

18.     Defendant completed an inspection of the Insured Premises and confirmed that the roof and other exterior and interior components were damaged by the Loss.

19.     Defendant issued a claim determination letter to Plaintiff authorizing limited repairs. This limited scope of work is inadequate, as the Loss requires additional repairs to cover damages due to the tornado/windstorm.

20.     Plaintiff retained Case Engineering Inc. for a structural assessment report, which included the significant damages from the tornado/windstorm.

21.    Defendant completed a reinspection of the Insured Premises.   Defendant maintained its position and refused to pay any additional benefits owed under the Policy.

22.    Defendant retained an engineer, Michael Ficker, with the firm Lerch Bates to conduct an additional inspection of the Insured Premises.  Defendant maintained its position again and refused to pay any additional benefits owed under the Policy.

<u>Plaintiffs' Damages & Defendant's Refusal to Issue Full Payment</u>

23.    Plaintiff engaged Bronco Catastrophe Services, Inc. and Heitkamp Masonry to evaluate the damage to the Insured Premises and generate an estimate for the necessary repairs and/or replacement.

24.    Bronco Catastrophe Services, Inc. and Heitkamp Masonry identified direct wind damage affecting the front and side CMU walls.

25.    Bronco Catastrophe Services, Inc. and Heitkamp Masonry estimate and photographic documentation demonstrate that partial repairs to the walls are not feasible, and that the walls need to be removed and rebuilt.

26.    Defendant's proposed repair scope intentionally ignores the full extent of the covered damage and grossly underestimates the reasonable and necessary costs to repair the damage it actually acknowledged.

27.    Bronco Catastrophe's estimate for the damage was $750,000.00 and Heitkamp Masonry's estimate for the damage was $174,610.00.  To date, Defendant has paid $79,772.99. Accordingly, the amount in dispute here exceeds $844,837.01.

28.    As a direct result of Defendant's failure to fully and timely indemnify Plaintiff for the covered loss, Plaintiff has sustained damages in excess of $75,000.

29.    As construction pricing increases over time due to inflation and related market factors, the cost of the necessary replacement work is expected to rise further.

4

<u>The Loss is Compensable Pursuant to the Policy</u>

30.    Tornado/Wind damages are covered by the Policy.

31.    Plaintiff fulfilled all of the duties after the Loss that were imposed by the Policy.

32.    All conditions precedent to obtaining payment of benefits under the Policy have been complied with, met, waived by Defendant, or otherwise satisfied.

33.    Despite the significant, undeniable, and obvious wind and hail damage to the Insured Premises and the fact that Plaintiff is not at fault in this matter, Defendant has wrongfully refused to pay Plaintiff's claim in full, in contravention of the express terms and conditions of the Policy, as well as Missouri law.

34.    Pursuant to the Policy's terms, Defendant is obligated to pay Plaintiff for the loss it suffered.  Nonetheless, Defendant has breached, and continues to breach, its obligations to Plaintiff by failing and refusing to tender to Plaintiff the insurance benefits due and owing under the Policy and by failing to compensate Plaintiff fully for this covered loss.

35.    Defendant has failed to fully indemnify Plaintiff for the damage to the Insured Premises, as required by the Policy.

36.    To date, Defendant has failed to fully and properly pay Plaintiff's claim, as required by the Policy.

37.    Defendant's failure and refusal to pay for the Loss is without reasonable cause or excuse, and there is no reasonable coverage dispute concerning the Loss.

38.    Defendant's failure to pay and refusal to pay for the Loss is a material breach of the Policy and is without justification.

5

## COUNT I

### Breach of Contract

39.     Plaintiff incorporates by reference all of the above paragraphs as if fully set forth herein.

40.     The Policy issued by Defendant to Plaintiff is a binding contract and is supported by valid consideration.

41.     It is Defendant's contractual obligation to pay the amounts due under the Policy for the covered Loss, including the cost of all necessary repairs and/or replacements.

42.     Defendant is in material breach of the Policy, and Defendant is liable to Plaintiff for the maximum amount allowed by the Policy for the Loss. Specifically, Defendant breached its contractual obligations owed to Plaintiff by its failure and refusal to fully and promptly pay the amounts owed to Plaintiff as a result of the Loss, as required by the terms of the Policy.

43.     As a result of Defendant's breach of contract, Plaintiff sustained substantial compensable losses for the amounts claimed under the Policy, including but not limited to, amounts owed pursuant to the Policy for the damage to the Insured Premises and all other amounts to which Plaintiff is contractually entitled pursuant to the Policy, as well as consequential damages, plus interest thereon.

44.     Defendant's actions and breaches have further caused Plaintiff great and substantial harm due to the fact that he has been unable to repair and/or replace much of the damage caused by the Loss, as a result of the financial hardship unduly placed upon them as a direct and proximate result of Defendant's failure to pay Plaintiff the proper amounts as required by the Policy.

45.     By reason of Defendant's breach, Plaintiff has been deprived of the benefits due and owing under the Policy.

46.     Defendant is liable to Plaintiff for the Loss.

47.     As a direct and proximate result of Defendant's breach of the terms of the insurance contract, Plaintiff has suffered, and continue to suffer, damages in excess of $75,000.

**WHEREFORE**, Plaintiff prays this Court enter an award against Defendant of compensatory damages, consequential damages, pre-judgment interest, costs of this action, and such other and further relief this Court may deem just and proper.

## COUNT II
### Vexatious Refusal to Pay - Mo. Rev. Stat. § 375.420

48.     Plaintiff incorporates by reference all of the above paragraphs as if fully set forth herein and further state:

49.     Despite proper demand for payment of the coverage provided under the terms of the Policy, Defendant has failed, neglected, and refused to make full payment to Plaintiff under and in accordance with the terms and provisions of the Policy.

50.     Further, Defendant intentionally refused to pay without reasonable cause or excuse, as evidenced, in part, by Defendant's actions as described below:

      a.     Defendant misrepresented the facts regarding the investigation of Plaintiff's claim, and misrepresented the Policy provisions relating to Defendant's coverage and payment obligations;

      b.     Defendant failed to attempt in good faith to effectuate the coverage provisions of the Policy;

      c.     Defendant compelled Plaintiff to initiate this litigation to obtain the coverage provided and benefits due under the Policy;

      d.     Defendant failed and refused to attempt in any reasonable manner to undertake adequate coverage efforts even though coverage is clear, obvious, and apparent;

e.   Defendant refused and failed to conduct a reasonable investigation of Plaintiff's claim based on all available information;

f.   Defendant refused and failed to obtain all reasonably available information and generally ignored Plaintiff's claim;

g.   Defendant failed to adopt, implement, and enforce reasonable standards for the prompt investigation and settlement of claims arising under its insurance policies;

h.   Defendant failed to timely and fully pay all amounts due and owing under the Policy with no reasonable or justifiable basis;

i.   Defendant made untrue, false, and fabricated representations regarding the existence of damage and the coverage provided by the Policy, all while Defendant knew that these representations were untrue;

j.   Defendant failed to promptly provide a reasonable and accurate explanation of its justifications and reason for not paying Plaintiff's claim;

k.   Defendant refused to participate in appraisal twice, despite The Policy containing a unilateral appraisal clause that would allow for resolution of the claim without protracted litigation; and

l.   Defendant engaged in such other acts toward Plaintiffs that are contrary to the duties owed to Plaintiffs as established by the customs and practices in the industry, the law, and the Policy.

51.   Defendant's refusal to pay Plaintiff the amounts due and owing under the Policy of insurance is vexatious and without reasonable cause or excuse, and Plaintiff are entitled to the relief and remedies provided in Mo. Rev. Stat. § 375.420, including additional damages from

Defendant in the amount of twenty percent (20%) of the first fifteen hundred dollars ($1,500) of the loss, ten percent (10%) of the amount of the loss in excess of fifteen hundred dollars ($1,500) and a reasonable attorney's fee.

**WHEREFORE**, Plaintiff prays this Court enter an award against Defendant for vexatious damages to be calculated pursuant to Mo. Rev. Stat. § 375.420, including a reasonable attorney's fee, and such other further relief this Court may deem just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury in this case as to such issues so triable.

Dated: August 6, 2026                              **THE WINTERS LAW GROUP, LLC**

/s/ Douglas J. Winters
Douglas J. Winters #65284MO
7700 Bonhomme Ave., Suite 575
St. Louis, MO 63105
(314) 499-5200
Fax: (314) 499-5201
dwinters@winterslg.com

*Attorney for Plaintiff*